# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

April 22, 2024

**Via ECF**
The Hon. Taryn A. Merkl, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Gomez v. Mister Cangrejo Corp. et al*
      **Case No.: 1:23-cv-04896-NRM-TAM**

Dear Hon. Magistrate Judge Merkl:

This law firm represents Plaintiff Paula Gomez (the "Plaintiff") in the above-referenced action. This letter is submitted pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), seeking approval of the enclosed Settlement Agreement, which provides for a total settlement amount of $9,000.00.

A copy of the executed Settlement Agreement is attached hereto as "Exhibit A."

A Stipulation of Dismissal with Prejudice is being filed simultaneously with this letter motion, and the parties respectfully request that the court So-Order the Stipulation.

**I.      Procedural History**

This is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by an individual against their former employers for violations of federal and state wage and recordkeeping violations.

Defendants Mister Cangrejo Corp., Mister Cangrejo NY Corp. (together, the "Corporate Defendants") and Ninfa Vaca Camacho (the "Individual Defendant", and together with the Corporate Defendants, the "Defendants") own, operate and/or control a restaurant located at 83-17 Northern Blvd., Queens, NY 11372, known as "Mister Cangrejo".

Plaintiff was employed as server, bartender, and general worker at Mister Cangrejo from April December 2022 to, through and including, May 2023. According to the operative complaint (the "Complaint", or the "*Compl.*"), Plaintiff worked for Defendants as follows:

1

| Plaintiff | Start | End | Hours per Week[1] | Flat Weekly Salary[2] | Der. Hourly Rate of Pay |
|---|---|---|---|---|---|
| Paula Gomez | 12/1/2022 | 12/31/2022 | 55.0 | $400.00 | $7.27 |
| | 1/1/2023 | 5/31/2023 | 55.0 | $400.00 | $7.27 |

Defendants' historic policy and practice was to pay Plaintiff a flat salary, regardless of how many additional hours they worked in a week. This illegal policy resulted in substantial overtime violations under the FLSA and NYLL. Beyond Plaintiff's claims for unpaid overtime, Plaintiff also alleges wage notice and wage statement violations under the WTPA.

Defendants appeared in this case through counsel on August 2, 2023. [Dckt. No. 11]. Since then, counsel for both parties have engaged in multiple rounds of negotiations, over multiple phone calls, email exchanges, and a virtual mediation session, before an experienced mediator. During these discussions, Defendants – through counsel – asserted arguments in support of their contention that Plaintiff was paid for all hours worked, and in response to other material allegations of the Complaint.

Defendants also produced pay records, time records, hiring statements, and text messages between the parties. Defendants asserted that the records produced show that Plaintiff worked less than 40 hours per week throughout his employment and was properly paid for the hours worked.

At a virtual mediation held on January 16, 2024, after multiple rounds of negotiations, the parties reached a resolution, in principle, to settle this matter. The Parties finalized the terms, memorialized in the accompanying Settlement Agreement, for the settlement of Plaintiff's claims for a total sum of $9,000.00 (the "Settlement Amount") to be paid out in accordance with the terms of the Settlement Agreement.

The settlement is objectively fair, reasonable, and the product of arm's length negotiations between experienced counsel. For these reasons and those set forth in further detail below, the settlement should be approved.

## II.     The Settlement Agreement is Fair and Reasonable

To determine whether an FLSA Settlement Agreement should be approved as fair and reasonable, courts in the Second Circuit consider the totality of the circumstances, including the following factors:

---

[1] December 2022 to, through and including, May 2023, Plaintiff worked five (5) days per week: Wednesdays and Thursdays, from approximately 10:00 a.m. to 9:00 p.m. (*i.e.*, 11 hours per day), and Fridays through Sunday, from approximately either 12:00 p.m. to 11:00 p.m., 10:00 a.m. to 9:00 p.m., or 1:00 p.m. to 12:00 a.m. (*i.e.*, 11 hours per day), for a total period of approximately 55 hours during each of the weeks, respectively.

[2] From approximately December 2022 to, through and including, May 2023, Defendants paid Plaintiff a flat salary of $80 per day.

(1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects reasonable compromise over contested issues, the court should approve the settlement." *Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917, at *2 (S.D.N.Y. 2013) (citation omitted).

### A. The Settlement Sum is Substantial and Fair Given the Plaintiff's Range of Recovery

The first factor articulated in *Wolinsky* examines "the Plaintiff's range of possible recovery." *Wolinsky,* 900 F.Supp.2d 332, at 335.

The Settlement Agreement satisfies this prong because Plaintiff's proposed ultimate recovery represents approximately 45.78% of Plaintiff's estimated maximum recovery for unpaid wages under the FLSA / NYLL. See *Chowdhury v. Brioni America, Inc*., 2017 WL 5953171 at *2 (S.D.N.Y. 2017) (net settlement of 40% of FLSA Plaintiff's maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp*., 2017 WL 4764486 at *2 (S.D.N.Y. 2017) (net settlement of 29.1% of FLSA Plaintiff's maximum recovery is reasonable); *Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015) (approving a settlement constituting 25% of the maximum possible recovery). The method and formula for the derivation of the plaintiff's reasonable range of recovery under the FLSA / NYLL assumes the following, after considering Defendants' contra-narrative of hours worked and compensation received:

| Start | End | Hours per Week[3] | Flat Weekly Salary[4] | Underpayment / Week | Total Underpayment |
|---|---|---|---|---|---|
| 12/1/2022 | 12/31/2022 | 55.0 | $400.00 | $612.50 | $0.00 |
| 1/1/2023 | 5/31/2023 | 55.0 | $400.00 | $612.50 | $11,637.50 |

Taking these assumptions into account, the undersigned computed that the alleged unpaid wages yielded the maximum aggregate amount of $11,637.50. The undersigned yielded this amount by subtracting Plaintiff's assumed maximum recovery, by Plaintiff's paid wages.

---

[3] December 2022 to, through and including, May 2023, Plaintiff worked five (5) days per week: Wednesdays and Thursdays, from approximately 10:00 a.m. to 9:00 p.m. (i.e., 11 hours per day), and Fridays through Sunday, from approximately either 12:00 p.m. to 11:00 p.m., 10:00 a.m. to 9:00 p.m., or 1:00 p.m. to 12:00 a.m. (*i.e.*, 11 hours per day), for a total period of approximately 55 hours during each of the weeks, respectively.

[4] From approximately December 2022 to, through and including, May 2023, Defendants paid Plaintiff a flat salary of $80 per day.

The Settlement Agreement requires that Defendants pay Plaintiff a settlement sum in the amount of $9,000.00 to resolve the case, payable in one lump sum payment. After attorneys' fees and costs Plaintiff will receive payments totaling $5,327.20.

Plaintiff believes that the Settlement Amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of additional discovery.

The alleged duration of Plaintiff's employment and the number of hours Plaintiff alleged she worked was a seriously contested issue that made the settlement of the claims asserted in this action difficult. The parties engaged in informal discovery to address various issues related to liability and damages. Through the course of this process, the key issue that evolved concerned whether or not Plaintiff worked the hours alleged and was entitled to and/or paid the appropriate overtime wage, for all alleged hours worked, which Plaintiff calculated to be $11,637.50.

The net proceeds of the Settlement Agreement at the very least compensate Plaintiff for approximately 45.78% of Plaintiff's estimated maximum recovery for unpaid wages under the FLSA / NYLL.

Given the risks these issues present, the Settlement Amount is reasonable.

### B. The Settlement Agreement Avoids the Incurrence of Additional Expenses

The second *Wolinsky* factor examines "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky,* 900 F.Supp.2d 332, at 335. This factor also weighs in favor of *Cheeks* approval.

The Settlement Agreement resolves bona fide disputes over sharply contested issues, namely the total number of hours worked by Plaintiff and whether or not she was entitled to overtime wages as a matter of law. In that regard, Defendants assert that Plaintiff worked substantially fewer hours than she alleges and was not entitled to overtime wages. During settlement discussions, which included the informal exchange of documents, Defendants relied on the time and payroll records, which Plaintiff rejected as inaccurate. If the trier of fact determined that Plaintiff worked fewer hours than alleged, it is likely that the minimum wages due to Plaintiff would be greatly reduced and, in fact, there is the possibility she would not be owed any wages. Proceeding to trial would consume significant amounts of time and resources, and Plaintiff faces the hurdles of rebutting Defendants' payroll records for certain periods of time. *See Garcia v. Jambox, Inc.,* 2015 WL 2359502, at *3 (S.D.N.Y. 2015) (Plaintiff's burden on the rebuttable presumption is high where Defendants have produced records).

The continued litigation of this case would necessitate no less than four (4) depositions, formal written discovery, review of voluminous records, and a trial. The associated costs and the continued prosecution of this case would necessitate the incurrence of substantial attorneys' fees and costs on both sides. Accordingly, it is in the interests of both parties to effectuate a settlement.

### C. The Seriousness of the Litigation Risk Faced by Plaintiff is High

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id at 335*. This factor also weighs heavily in favor of settlement.

Both parties face serious litigation risks as to both liability and damages, *to wit*, the amount of hours allegedly worked, and the amount of alleged underpayment of wages allegedly owed.

Defendants produced time records and payroll records for the relevant period. Plaintiff, in order to succeed on the merits for this period, would have to rebut the presumption that Defendants did not pay Plaintiff in accordance with NYLL and/or the FLSA. Where, as here, Plaintiff has produced no documentation of his hours worked or compensation received for this period, and Defendants produced records, Plaintiff's burden on this rebuttable presumption is high. *Gyalpo v. Holbrook Dev. Corp.*, 577 B.R. 629 (E.D.N.Y. 2017); *Garcia v. Jambox, Inc., supra* (S.D.N.Y. 2015).

Accordingly, the seriousness of the litigation risks on the part of both parties' continued prosecution of the case weighs in favor of settlement.

### D. The Settlement Agreement is a Fair Compromise Accomplished Between Experienced Counsel, During a Court-Ordered Mediation

The fourth *Wolinsky* factor examines "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel" as well as the "possibility of fraud or collusion." *Wolinsky,* 900 F.Supp.2d 332, at 335. This factor weighs heavily in favor of *Cheeks* approval.

The contested issues, and arms-length negotiation by counsel demonstrate there was no fraud or collusion. *See Meigel v. Flowers of the World, NYC, Inc*., 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement). *Abrar v. 7-Eleven, Inc*., 2016 WL 1465360, at *2 (E.D.N.Y. 2016). Additionally, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the agreement.

Levin-Epstein & Associates, P.C. has obtained favorable decisions in wage-and-hour cases that have set precedent in this area of law. *See Martinez Montoya v. Havana Central NY 2, LLC et al*, 2024 WL 871206 (S.D.N.Y. 2024) (successfully opposing motion to dismiss, and objections to Magistrate Judge's report and recommendation, on the standard for pleading willfulness under the FLSA); *Singh v. Lintech Electric, Inc*., 2022 WL 1422311, at *1 (E.D.N.Y. 2022), *report and recommendation adopted*, 2022 WL 2158748 (E.D.N.Y. 2022) (successfully opposing motion for leave to amend complaint, and securing over $15,000 in sanctions for discovery violations); *Arevalo Fajardo et al v. WB Maintenance & Design Group Inc. et al*., Case No.: 21-cv-5236 (E.D.N.Y. 2021) (securing preliminary injunction on behalf of a group of plaintiffs in an FLSA case where plaintiffs were retaliated on the basis of their immigration status, and assaulted); *Singh v. Lintech Elec., Inc.,* 2021 WL 1062533, at *3 (E.D.N.Y. 2021) (securing dismissal of fraudulent conveyance actions, and cancellation of *lis pendens*, filed in FLSA action); *Suarez et al v. Brasserie Felix, Inc. et al*, Case No. 19-cv-07210, Dckt. No. 59 (hired by Plaintiffs' counsel to

facilitate resolution in bankruptcy proceedings and secured $800,000 settlement on behalf of twelve (12) FLSA plaintiffs); *El Aalaoui v. Lucky Star Gourmet Deli Inc.,* 2021 WL 22787, at *1 (S.D.N.Y. 2021) (successfully vacating default judgment entered against FLSA defendants in the amount of $231,660); *Rivera v. Crabby Shack, LLC,* 2019 WL 8631861, at *5 (E.D.N.Y. 2019) (successfully arguing motion to enforce and approve settlement agreement on behalf of defendants)*; Pugh v. Meric*, 2019 WL 2568581, at *2 (S.D.N.Y. 2019) (post-bench trial order issued by the Hon. Judge Denise Cote, holding that the "wage notice penalty" in NYLL § 198(1)(1-b), by its very terms, does not mandate the imposition of damages); *Pugh v. Meric*, 2019 WL 3936748, at *5 (S.D.N.Y. 2019) (post-bench trial order reducing plaintiff's attorneys' fees award of $8,000 to $800); *Reyes v. The Picnic Basket, Inc.,* Case No. 18-cv-140, Dckt. No. 39, at *3-4 (S.D.N.Y. 2018) (successfully opposing Plaintiff's motion for conditional certification).

Moreover, the Settlement Agreement protects Plaintiff from the risk of default by requiring Defendants to execute a Settlement Agreement providing for recovery of attorneys' fees in the event of default.  *See* Ex. A.

### III. The Allocation for Attorneys' Fees is Reasonable

Plaintiff bears the burden of proving the reasonableness of the fees sought. *See Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999). "Although courts may elect to award fees by considering either the lodestar method – the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended – or the percentage method – a percentage of the total amount recovered by the plaintiffs – '[t]he trend in [the Second] Circuit is toward the percentage method.'" *Perez v. Ultra Shine Car Wash, Inc*., 2021 WL 1964724, at *6 (S.D.N.Y. 2021) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005)). But even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Id.* (citing *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Guareno v. Vincent Perito, Inc.*, 2014 WL 4953746, at *2 (S.D.N.Y. 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd*., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). Courts can and should exercise broad discretion in determining a reasonable fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The method for determining reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008). In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. New York City Transit Auth*., 575 F.3d 170, 174-175 (2d Cir. 2009). Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190.

Plaintiff respectfully recommends an hourly rate of $450 for the services of Joshua D. Levin-Epstein ("Mr. Levin-Epstein"), and $350 for the services of Eunon Jason Mizrahi ("Mr. Mizrahi").[5] Other Courts have approved Mr. Levin-Epstein & Mr. Mizrahi's proffered billing rates. *See Dorson v. NYU Langone Hospital-Brooklyn,* Case No. 1:21-cv-04286-RER at 1/23/2023 Order (S.D.N.Y. 2023); *Christian v. MH Plumbing & Mechanical Corp. et al,* Case No. 1:22-cv-04774-BMC at Dckt. No. 21 at * 4 (E.D.N.Y. 2023); *Sims v. Crown Waste Corp. et al*, Case No. 1:22-cv-06047-BMC at Dckt. No. 23 at * 4 (E.D.N.Y. 2023); *Hernandez v. Yonkers Brewing Company LLC et al*, Case No. 7:21-cv-06951-PED at Dckt. No. 50 (S.D.N.Y. 2022); *Hoyos v. Milio et al,* Case No. 1:22-cv-01982-GWG at Dckt. No. 54 (S.D.N.Y. 2022); *Simmons v. Allied Universal Security Services, LLC et al*, Case No. 1:22-cv-03526-GHW at Dckt. No. 21 (S.D.N.Y. 2022); *Jones v. Questfleet LLC et al*, Case No. 1:21-cv-04042-TAM at 7/28/2022 Order (E.D.N.Y. 2022); *Stein v. Greenfeld et al,* Case No. 20-cv-01929-ARR-CLP, Dckt. No. 25 at *6-7 (E.D.N.Y. 2020); *Laureano-Capellan v. Chirichella et al,* Case No. 20-cv-00360-RER, July 15, 2020 Dckt. Entry (E.D.N.Y. 2020); *Feliciano v. Yoon et al,* Case No. 18-cv-06361-DLI-JO, March 27, 2020 Dckt. Entry (E.D.N.Y. 2020). Such fees are also within the range of reasonable rates for similarly experienced attorneys. *See Guerra v. Trece Corp.,* 2021 WL 1893593, at *2 (S.D.N.Y. 2021) (approving hourly rate of $450 for partner); *Meide Zhang v. Liang Zhang*, 2020 WL 9256464, at *6 (S.D.N.Y. 2020), *report and recommendation adopted as modified sub nom*. *Zhang v. Zhang*, 2021 WL 1154084 (S.D.N.Y. 2021) (approving $450 hourly rate as "reasonable"); *Salazar v. 203 Lena Inc*., 2020 WL 5627118, at *11 (S.D.N.Y. 2020), *report and recommendation adopted,* 2020 WL 6257158 (S.D.N.Y. 2020) (recommending hourly rate of $500).

Applying the percentage method, Plaintiff respectfully requests an award of attorneys' fees in the amount of $2,663.20.

Plaintiff further requests an award of $1,009.60 for costs incurred in filing fees ($402.00), effecting service of process ($182.60), and mediation fees ($425.00). Proof of disbursements substantiating these fees are annexed hereto as Exhibit "C".

Based on this, the requested attorneys' fees and costs of $3,672.80 should be found reasonable and permitted. The parties respectfully request that the Court approve the settlement as fair and reasonable and So Order the proposed Stipulation to Dismiss the case.

### IV.     The Agreement Satisfies All Other Factors Considered for Approval

The terms of the Settlement Agreement are consistent with *Cheeks*. For example, the release in the Agreement is limited to wage-and-hour claims and there are no confidentiality or non-disparagement provisions. The settlement was reached following arm's-length negotiations between counsel well-versed in wage-and-hour law and following extensive discovery.

In sum, the settlement is fair and reasonable, providing Plaintiff with a substantial recovery protected against the uncertainties and costs of trial, and should be approved by the Court.

---

[5] A true and correct copy of Plaintiff's counsel's contemporaneous time and billing records, documenting each attorneys' hourly rate, hours expended, and tasks worked on, is annexed hereto as Exhibit "B".

We thank the Court for its time and consideration of this matter.

                                                Respectfully submitted,

                                                LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                                By: */s/ Jason Mizrahi*
                                                     Jason Mizrahi, Esq.
                                                     60 East 42nd Street, Suite 4700
                                                     New York, NY 10165
                                                     Tel. No.:  (212) 792-0048
                                                     Email: Jason@levinepstein.com
                                                     *Attorneys for Plaintiff*