# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Paula Gomez, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action*,    Case No.: 23-cv-04896

                          *Plaintiff*,

                -*against*-

Mister Cangrejo Corp., Mister Cangrejo NY Corp., and
Ninfa Vaca Camacho,

                          *Defendants*.
------------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

      Plaintiff Paula Gomez ("Plaintiff") and Defendants Mister Cangrejo Corp., Mister Cangrejo NY Corp., and Ninfa Vaca Camacho (collectively, the "Defendants", and together with Plaintiff, the "Parties") desire to settle and resolve fully all wage and hour claims that have been or could have been brought against Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit captioned *Gomez v. Mister Cangrejo Corp. et al*, Case No. 1:23-cv-04896-NRM-TAM, pending in the U.S. District Court for the Southern District of New York (the "Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendants agree as follows:

      1.    **Consideration.** Within seven (7) days of the Court's approval of the settlement agreement, and subsequent dismissal of this action, in consideration for Plaintiff's timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiff with the total settlement sum of $9,000.00 in consideration for and in full satisfaction of all wage and hour claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of the execution of the Agreement. Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

            a.    One check made payable to "Paula Gomez" in the gross amount of $5,327.20;

            b.    One check made payable to "Levin-Epstein & Associates, P.C." in the amount of $3,672.80, as payment for attorneys' fees ($2,663.20) and costs ($1,009.60).

            c.    <u>Indemnification</u>. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed

        in connection with the settlement sum set forth in Paragraph "1.b." above. Plaintiff acknowledges that they have not relied on any oral or other representations made by Defendants or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

    2.     **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that they would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

    3.     **Release of All Wage & Hour Claims.** Plaintiff, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, and their subsidiaries, divisions and affiliated entities, and their owners, officers, directors, Board members, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and its employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Labor Law and all New York Wage Orders; any other federal, state, city or local wage-hour, wage-payment laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, arising from any purported wage and hour violation and based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

    4.     **No Other Entitlement Under the FLSA.** As a consequence of this settlement, Plaintiff affirms that they has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which they may be entitled under the FLSA.

    5.     **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiff, on behalf of the Parties, will submit the Agreement and Stipulation to the Court for the Court's consideration and approval.

    6.     **Governing Law, Interpretation and Forum Selection.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflicts of law provisions. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Parties expressly consent that any

action or proceeding relating to this Agreement will be brought in the U.S. District Court for the Eastern District of New York.

7. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the Parties' Negotiated Settlement Agreement and General Release of Non-FLSA Claims, which is being executed simultaneous with this Agreement. Plaintiff acknowledges that they have not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

10. **Execution.**

    a. The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by their counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage and hour claims that they possibly could have against Releasees relating to their employment with Defendants. Plaintiff further represents that they are fully satisfied with the advice and counsel provided by their attorneys; and

    b. Plaintiff fully understands the terms of this Agreement.

11. **Translation.** It is further understood and agreed between the Parties that counsel for Plaintiff shall be responsible for translating this Agreement to a language fully understood by Plaintiff, and to fully advise Plaintiff regarding the terms and conditions of this Agreement. Any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiff by their counsel shall not be a basis to challenge or to set aside this Agreement.

12. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

**PAULA GOMEZ**

Dated: _____          _____
                                Paula Gomez


**MISTER CANGREJO CORP.**

Dated: _____          _____
                                By: Ninfa Vaca Camacho


**MISTER CANGREJO NY CORP.**

Dated: _____          _____
                                By: Ninfa Vaca Camacho


**NINFA VACA CAMACHO**

Dated: _____          _____
                                Ninfa Vaca Camacho

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

**PAULA GOMEZ**

Dated: _____

_____
Paula Gomez


**MISTER CANGREJO CORP.**

Dated: 4/19/2024

*Ninfa Vaca Camacho* (DocuSigned)
By: Ninfa Vaca Camacho


**MISTER CANGREJO NY CORP.**

Dated: 4/19/2024

*Ninfa Vaca Camacho* (DocuSigned)
By: Ninfa Vaca Camacho


**NINFA VACA CAMACHO**

Dated: 4/19/2024

*Ninfa Vaca Camacho* (DocuSigned)
Ninfa Vaca Camacho

# Exhibit "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| Paula Gomez, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action*, | Case No.: 22-cv-05449 |
| *Plaintiff*, | **[PROPOSED] STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |
| -against- | |
| Mister Cangrejo Corp., Mister Cangrejo NY Corp., and Ninfa Vaca Camacho, | |
| *Defendants*. | |

------------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between Paula Gomez ("Plaintiff") and Defendants Mister Cangrejo Corp., Mister Cangrejo NY Corp., Empire Security Training Group LLC, and Ninfa Vaca Camacho (collectively, the "Defendants") that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

Dated:   New York, New York
         April 22, 2024

| LEVIN-EPSTEIN & ASSOCIATES, P.C. | RODRIGUEZ LAW P.C. |
|---|---|
| By: _____ | By: _____ |
| Jason Mizrahi | Argilio Rodriguez |
| 60 East 42nd Street, Suite 4700 | 304 Park Avenue South, 11th Floor |
| New York, New York 10165 | New York, NY 10010 |
| Tel. No.: (212) 792-0048 | Tel. No.: (212) 960-3305 |
| Email: Jason@levinepstein.com | Email: argilio@lawrodriguez.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED on this _____ day of _____, 2024.

_____